MOTION TO DISMISS
DOMENGEAUX, Judge.
Appellee, Connie Lee Patín, moves to dismiss the appeal of plaintiff-appellant, Gayle Younce Patín, on the grounds that the appellant has voluntarily and unconditionally acquiesced in the judgment thereby abandoning her right of appeal.
The facts succinctly stated are as follows: on May 11,1984, the appellant, Gayle Patín, obtained an order requiring Connie Patín to turn over to Gayle a Bronco truck allocated to her in a judgment of partition, which judgment also determined the ownership of a house and camper. The vehicle was seized by the Sheriff of St. Martin Parish and put in the possession of Gayle. Appellee, Connie Patín, contends that the above action constituted acquiescence in the judgment of the partition.
Applicable in this situation is Article 2085 of the Louisiana Code of Civil Procedure which reads as follows:
“An appeal cannot be taken by a party who confessed judgment in the pro *335 ceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment does not preclude an appeal as to other parts of such judgment.”
Interpretations of this article clearly reveal that the appellant did not acquiesce in the judgment so as to preclude appeal. In Cohn Realty Co. v. Able Moving & Storage Co., 402 So.2d 104 (La.App. 1st Cir. 1980) the court held that even though a tenant took advantage of the option afforded it by a portion of the judgment in his favor; he did not acquiesce in and could seek an appeal from the judgment. In a similar fashion, although Gayle sought to gain possession of the truck awarded to her in the judgment of possession, she can still seek an appeal from the portion of the judgment which determined the ownership of other assets.
Appeals are favored, and forfeiture of a party’s right to appeal through acquiescence should only be decreed when the party’s intention to acquiesce and abandon his right to appeal is clearly demonstrated. Hoyt v. State Farm Mut. Auto. Ins. Co., 413 So.2d 1003 (La.App. 3rd Cir.1982) writ denied 423 So.2d 1180 (La.1982). In this case appellee did not show that Mrs. Patín intended to acquiesce in the judgment and abandon her right to appeal. The motion to dismiss the appeal is, therefore, denied.
MOTION DENIED.