CIACCIO, Judge.
Defendant files this devolutive appeal from an award of a deficiency judgment in the amount of $6,810.40 which was summarily granted against him. We affirm the judgment of the district court.
The sole issue for our review is whether an act of chattel mortgage which contains illegible signatures by an unidentified notary and attesting witness is such a defect as to invalidate the executory process and serve as a bar to a deficiency judgment.
The facts are uncontested:
On May 12, 1986 defendant purchased á 1982 Honda Prelude automobile from Don Bohn Ford, Inc. At the time of the purchase he signed a promissory note for $12,-143.52, payable over 36 months. The note was paraphed “ne varietur” with an act of chattel mortgage which contained a confession of judgment. The chattel mortgage was signed by the defendant, as maker, and it also contained signatures on the line for the notary and for the two witnesses, with one witness also signing the acknowledgment. The signatures appearing on the lines for the notary and two witnesses were illegible and the identity of the persons signing were not discernable.
The defendant defaulted in making his payments and plaintiff, as owner of the note, accelerated the note under its terms. Plaintiff then filed suit on December 4, 1986 seeking an order of executory process and a writ of seizure and sale. In its petition the notary is not identified and there is no proof that the illegible signatures on the note and mortgage are in fact those of a notary public. The vehicle was seized and sold, with appraisal, at sheriff’s sale for $4,000 leaving a total deficiency owed by defendant of $6,810.00. Plaintiff amended its suit and sought a personal *821 judgment against the defendant for the amount of the deficiency. Defendant filed an answer of general denial and also alleged a specific defense in that the exec-utory process was invalid because the “act of chattel mortgage was not by either an authentic or authenticated act, as no known notary appears and further that there are no witnesses or identifiable witnesses,” thus negating the right to seek a deficiency.
Plaintiff filed a motion for summary judgment which was supported by an affidavit of correctness of account. Defendant opposed the motion on the basis of the defense previously stated in his answer. The trial court granted summary judgment and awarded plaintiff the deficiency sought.
Following an unsuccessful attempt to secure a new trial defendant filed this appeal.
Summary judgment shall be granted as follows:
C.C.P. Art. 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. (Emphasis Supplied)
$ * * % # *
In this case the defendant argues that the trial court erred in summarily granting the plaintiff a deficiency judgment because the act of chattel mortgage, upon which executory process was granted, is not authentic in that the acknowledgment of the subscribing witness was not executed before an identifiable notary. He contends that the lack of authentic form in the mortgage constitutes a disputed material issue of fact which would preclude summary judgment for a deficiency against him. We do not agree.
This issue was discussed in the recent Louisiana Supreme Court decision in First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc. on rehearing 529 So.2d 834 May 23, 1988 and we find that case to be controlling.
In First Guaranty, supra at p. 840 the Court declared that the debtor’s defenses and procedural objections to an executory proceeding based upon a lack of authentic evidence must be asserted either by injunction or by suspensive appeal. (Emphasis Supplied).
The Court in First Guaranty, supra, in overruling League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), expressly disavowed the practice of nullifying the deficiency judgment proceedings because the mortgagee failed to comply “with every jot and title as to the form of authentic evidence required in the executory proceeding.”
The Court, at p. 843, gave the following rationale;
The executory proceeding rules do not expressly or impliedly prohibit the debtor from renouncing the evidentiary requirements.
[[Image here]]
Thus, the Code contemplates that the debtor may invoke the defenses or renounce them as he chooses, leaving the clear implication that an unobjected to defect in the formal requirement of authenticity will not render the proceeding absolutely null.
[[Image here]]
Second, if the assertion is that any defense which could have been raised in the executory proceeding may be urged in the deficiency action because the deficiency action is based upon, a part of, or a continuation of the executory proceeding, this reasoning is also fallacious. The deficiency judgment action, although related to the executory proceeding, is established by the legislated law as a separate and independent proceeding, *822 different in concept and purpose, involving different kinds of procedure, evidence and defenses.
******
The legislated law does not require a creditor to prove that he presented flawless authentic evidence in the executory proceeding in order to obtain a deficiency judgment or grant the debtor a defense to a deficiency judgment based upon the creditor’s failure to do so.
* * * * * *
Moreover, the legislative history of the deficiency judgment act indicates no intention to include within its safeguards a defense based upon improper authentic evidence filed in the executory proceeding.
* * * * * *
Although this policy (i.e., the Deficiency Judgment Act of 1934) is broad and strong, there is nothing in its history or expressions that indicates an intention to bar a creditor who fully complies with appraisal requirements from obtaining a deficiency judgment simply because of a lack of authentic evidence in the exec-utory proceeding.
The defense raised in the defendant’s answer could only be urged to defeat the executory process, either by injunction or by suspensive appeal. First Guaranty Bank, supra. The defense of inadequate authentic evidence may not be used as a bar to the deficiency judgment proceedings. Since this is the only defense alleged in defendant's answer, there is no allegation which creates a material issue of fact so as to preclude summary judgment.
Accordingly, mover was entitled to judgment as a matter of law and the court did not err in granting him summary judgment for the amount of the outstanding deficiency. For these reasons the judgment of the district court is affirmed at defendant’s cost.
SUMMARY JUDGMENT AFFIRMED.