SEXTON, Judge.
The defendant, Roger Tyrone Evans, appeals the trial court’s granting of a deficiency judgment in favor of the plaintiff, City Bank & Trust of Shreveport. We affirm.
On March 28, 1986, the defendant executed a promissory hand note in favor of the plaintiff in the principal sum of $126,-360.10 with a variable interest rate. Payment of the hand note was secured by two separate collateral note and mortgage packages encumbering various immovable properties located in Caddo and Jackson parishes. Certain payments were made on the hand note, but the defendant failed to pay the final installment which was due on March 28, 1987. At the time, there was an outstanding balance of $106,360.10.
The plaintiff filed petitions for executory process first in Caddo Parish and then in Jackson Parish. Although the plaintiff attached the hand note in question to the verified petitions, it did not attach an affidavit by a bank officer setting forth the interest rate applicable on the hand note. The property in both parishes was sold with benefit of appraisement.
Subsequent to a petition for summary judgment against the defendant, the trial court entered a judgment in favor of the plaintiff in the principal sum of $106,-360.10, subject to a credit of $175.15 from the sale of the Caddo Parish property and of $72,333.40 from the sale of the Jackson Parish property, together with accrued interest through June 15, 1988 of $16,491.14, with interest thereafter at the rate of City Bank & Trust prime plus three-quarters percent floating adjusted daily until paid and attorney's fees of $5,000.
In his single assignment of error, appellant contends that deficiency judgment is unavailable because the pleadings in the executory process suit did not contain an affidavit by the bank officer establishing the variable interest rate on the hand note sued upon.
In First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La.1988) (on rehearing), the Supreme Court overruled League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), which had held that a defect in the authentic evidence submitted in an executory process suit is a defense in a subsequent action for a deficiency judgment. The supreme court found that the reasoning underlying the decision in *1161 League Central was based on an erroneous interpretation of the pertinent statutes and civil procedure articles. Upon review of the pertinent laws; the supreme court in First Guaranty Bank held that the lack of the proper authentic evidence filed in the executory proceedings is not a defense available to the debtor in a suit for deficiency judgment. See also Nick’s Auto Sales, Inc. v. Blakes, 530 So.2d 1195 (La.App.2d Cir.1988). The debtor’s defenses to proceedings for executory process based upon a lack of authentic evidence must be asserted in the executory proceeding through an injunction proceeding to arrest the seizure and sale or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both. First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., supra; Ford Motor Credit Co. v. Savote, 532 So.2d 820 (La.App. 4th Cir.1988).
In the instant case, the extensive stipulation filed when the case was called for trial proves the existence of the note, the balance due, the interest rate and the credits. The only defense that the defendant raised to the suit for deficiency judgment, the lack of authentic evidence in the executory proceedings, no longer defeats an action for a deficiency judgment.
The judgment appealed is affirmed at appellant’s cost.
AFFIRMED.