PLOTKIN, Judge.
Defendant Elizabeth M. Humphrey Bu-chler appeals a trial court judgment granting a motion for summary judgment and awarding plaintiff Whitney National Bank $192,514.69 in a deficiency judgment proceeding. We affirm.

Facts

As holder of two promissory notes payable on demand executed by Ms. Buchler, Whitney initiated this suit by a Petition for Executory Process to foreclose on immovable property owned by Ms. Buchler which was the subject of a $500,000 collateral mortgage securing the two debts. The first of the two promissory notes, in the amount of $10,500 was dated December 17, 1986, and bore an interest rate of 9.5 percent per annum until paid. The second, in the amount of $385,358.29, was dated February 3, 1987, and bore an interest rate of 10.5 percent per annum until paid. The back of the promissory notes, which were attached to the petition for executory process, bore evidence of numerous extensions; each time the notes were extended, the interest rate changed. The new interest rates were noted on a stamp, and Ms. Buchler signed the document each time it was extended.
Following appraisal by the plaintiff’s appointed appraiser and a second appraiser selected by the court when Ms. Buchler failed to appoint an appraiser and advertisement of the sale as required by law, the property was sold by bid for $221,375. The high bidder was Whitney.
Whitney thereafter filed a petition for deficiency judgment, alleging that the proceeds from the sale, less costs of the sheriff’s sale, plus $8,600 in rental monies re *897 ceived while it acted as keeper of the property, were insufficient to satisfy Ms. Bu-chler’s obligation to the bank. The bank then filed a motion for summary judgment which was granted by the trial judge. Ms. Buehler appeals.

Standard for Granting Motion for Summary Judgment

When reviewing a trial court decision granting a motion for summary judgment, appellate courts consider the evidence de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). That is, the appellate court must determine whether “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966(B). Thus, a motion for summary judgment may be granted only when the mover has proven both of the following elements: (1) no genuine issues of material fact exist, and (2)the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion; all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. Schroeder, 591 So.2d at 345.

Analysis:

Under the jurisprudence interpreting Louisiana’s Deficiency Judgment Act, LSA-R.S. 13:4106 et seq., a creditor is entitled to a deficiency judgment against a debtor on the establishment of three things: (1) existence of the obligation, (2) amount of the deficiency due, and (3) that the property has been sold with benefit of appraisal. First Acadiana Bank v. Bieber, 562 So.2d 1025, 1029 (La.App. 3d Cir. 1990).
In the instant case, Whitney’s motion for summary judgment was accompanied only by one affidavit; that affidavit was executed by Albert Lord, Whitney’s assistant vice president. The affidavit cites the above facts relative to the existence of Ms. Buchler’s debt and specifically recites the fact that the property was sold subject to appraisal. Additionally, the top of the second page of the affidavit listed the defendant’s indebtedness as follows:
(On the 10,500.00 note)
Principal $1,290.80
Interest (accrued through 10-15-90) 34.48
Intsrcst (from 10-16-90 through 3-21-91) 63.63
Total $1,388.99
(On the $385,358.29 note)
Principal $382,900.00
Interest (accrued through 10-15-90) 9,498.04
Intersst (from 10-16-90 through 3-21-91) 18,871.12
Total $411,269.16
The last paragraph of the affidavit alleges as follows:
There presently remains due and owing unto petitioner the principal sum of $1,290.88 plus interest accrued through March 21, 1991 in the amount of $90.10, and the principal amount of $382,900.00 plus interest accrued through March 21, 1991 in the amount of $28,269.16, all subject to a credit of $220,035.45. This credit takes into consideration the sheriff’s costs paid and the rentals received.
Using the numbers set out by the last paragraph of the affidavit, the trial court calculated the defendant’s indebtedness as follows:
Principal on $10,500 note $ 1,290.88
Interest on $10,500 note 90.10
Principal on $385,358.29 note 382,900.00
Interest on $385,358.29 note 28,269.16
$412,550.14
Minus credit 220,035.45
($221,375 - 8,600 - 9,939.55)
TOTAL INDEBTEDNESS $192,514.69
Whitney admitted at the trial court and at this court that the two itemizations of the defendant’s indebtedness presented in the affidavit and quoted above are inconsistent. Using the numbers presented at the top of the second page of the affidavit, the *898 indebtedness would have been calculated as follows:
Principal and interest on $10,500 note $1,388.99
Principal and interest on $385,358.29 note 411,269.16
$412,658.15
Minus credit 220,035.45
TOTAL INDEBTEDNESS $192,622.70
Whitney claims that $192,622.70 is the correct amount of the indebtedness, but does not challenge the trial court’s finding because of its admitted mistakes in the affidavit. Whitney notes that the trial court judgment is thus beneficial to the defendant in the amount of $108.01.
Our de novo review of the record convinces us that the affidavit presented by Whitney is sufficient to meet the requirements for establishing entitlement to a deficiency judgment in the amount of $192,-514.69. The trial court judgment granting the motion for summary judgment is therefore affirmed.

Defendant’s arguments

Despite the above facts, Ms. Buchler argues that the trial court erred in granting the motion for summary judgment for three reasons: (1) the affidavit was mathematically incorrect and did not match the amount stated in the sheriff’s proces verbal, (2) Whitney failed to show the rate of interest used and admitted errors in the affidavit, and (3) Whitney failed to serve her or her attorney with documentation to support the affidavit, denying her due process of law.[1]
First, Ms. Buchler cites the mathematical differences in the two calculations in the affidavit, claiming that the difference creates a genuine issue of material fact which made summary judgment inappropriate in this case. We disagree. Whitney has agreed to accept the lesser of the two amounts in satisfaction of the debt and makes no claim to the excess $108.01. Ms. Buchler does not contest her indebtedness in the lesser amount; thus, no genuine issue of material fact exists on the record as it stands. The fact that Whitney admitted the miscalculations does not change this result.
Second, Ms. Buchler claims that Whitney failed to prove the rate of interest and the method used to calculate the interest. However, the promissory notes attached to the original petition are stamped on the back with the changing interest rates. Ms. Buchler’s signature is evidenced on each of the stamps. Thus, the Whitney did prove the interest rates applicable at all times pertinent to the litigation. Despite Ms. Buchler’s arguments to the contrary, the document is self-proving. Further, Ms. Buchler’s countervailing affidavit does not contest the accuracy of the interest calculations, but simply accuses Whitney of failing to properly prove the rates used. In the absence of any specific counterarguments on the part of the plaintiff, this argument is without merit.[2]
Third, Ms. Buchler claims that the documents supporting Whitney’s affidavit should have been served on her or her attorney after the filing of the petition for deficiency judgment. She claims that the fact that the handnotes were not attached prevented her attorney from “cross-examining” the evidence. However, the documents were filed along with the original petition for executory process and Ms. Bu-chler does not claim that she was not served with the documents at that time. We know of no requirement, and Ms. Bu-chler cites us to none, that the documents be re-served when the petition for deficiency judgment is filed, especially when, as here, the deficiency judgment action is a part of the same suit as the petition for executory process.[3]

*899
Conclusion

Accordingly, the trial court judgment is affirmed in all respects.

AFFIRMED.

. To support all three arguments, Ms. Buchler cites the general principle of law requiring strict compliance with the requirements for proving entitlement to executory process. However, we note that Ms. Buchler is not contesting the exec-utory process in this case, but the deficiency judgment; therefore, this argument is without merit.

. In oral argument, Ms. Buchler’s attorney attempted to rely on the fact that Whitney admittedly made an error in the calculations in the affidavit and would have us take that fact as evidence that Whitney might have made other errors. We decline to accept that argument.

.In oral argument, Ms. Buchler cites La.C.C.P. art. 966 in support of this argument. That article, which specifies the requirements for granting a motion for summary judgment, says that the motion should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Ms. Buchler urges us *899 to interpret that article to require that all documents necessary for proving the case be filed with the motion for summary judgment. However, Louisiana courts have never imposed such a requirement; i.e., persons filing motions for summary judgment are never required to attach the original pleadings. Thus, this argument is without merit.