641 So.2d 711 (1994)
James A. RAY, et al., Plaintiffs-Appellees,
v.
Terry H. VARWIG, et al., Defendants-Appellants.
No. 93-533.
Court of Appeal of Louisiana, Third Circuit.
August 3, 1994.
*712 Victor Herbert Sooter, Alexandria, for James A. Ray et al.
Walter M. Hunter Jr., Alexandria, for Terry H. Varwig et al.
Before COOKS, SAUNDERS and WOODARD, JJ.
*713 COOKS, Judge.
Plaintiffs appeal the trial court's denial of their motion for summary judgment and granting of the defendants' motion for summary judgment to dismiss their claim for a deficiency judgment. For the reasons assigned below, we affirm.

FACTS
Plaintiffs, James Ray and Laverne Ray, financed the sale of six lots of immovable property to the defendants, Michael and Carolyn Davis and W.T. and Vicki Armitage on May 14, 1981. Defendants subsequently sold the six lots to Teddy and Sheila Varwig. Both sales were properly recorded. The Varwigs paid $26,809.79 in cash and assumed the mortgage, which had a balance of $53,190.21. Defendants did not apply any of the proceeds from the sale of the property against the mortgage balance.
The Varwigs subsequently defaulted on the promissory note and filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. The amount due on the promissory note is $47,633.55 plus interest. Plaintiffs filed a petition to foreclose on the property by executory process after obtaining authorization from the bankruptcy court.
Plaintiffs appointed John Girlinghouse as their appraiser. Girlinghouse used an appraisal form to appraise lots one through five. The houses on these lots had been condemned. After deducting the cost of demolishing and removing the houses from the property, Girlinghouse concluded the value of lots one through five was $8,500. Girlinghouse assessed a value of $4,000 to lot six because there was an inhabited house that contributed to the value of the property. Instead of using an appraisal form to report the value of lot six, Girlinghouse discussed the value of this lot in a cover letter which he allegedly attached to the top of the form used to report the value of lots one through five. However, on inspection, the cover letter was not attached to the appraisal form delivered to and maintained by the sheriff's office.
The appraiser appointed by defendants concluded the six lots were worth $30,000. A third appraisal was obtained pursuant to LSA-R.S. 13:4365 because the appraisals submitted by plaintiffs and defendants differed by more than ten percent.
Plaintiffs purchased the property at the judicial sale for $3,050.81 and filed a petition for a deficiency judgment against the defendants. Plaintiffs and defendants filed motions for summary judgment. Defendants, however, argued plaintiffs' petition for a deficiency judgment should be dismissed because of defects in the appraisal process. Plaintiffs' motion for summary judgment was denied. The trial court granted defendants' motion for summary judgment after it concluded the executory process suit was invalid for two reasons: plaintiffs' appraiser failed to sign an oath form; and, plaintiffs' appraiser did not appraise one of the six lots subject to the foreclosure. Plaintiffs appeal.

DISCUSSION
Plaintiffs contend defendants cannot allege defects in the appraisal process as a defense to the deficiency suit because they failed to object to the appraisal process during the executory process. Alternatively, plaintiffs argue the defects in the appraisal process alleged by defendants are not fundamental defects that render the appraisal invalid.
After a judicial sale under an executory proceeding, a creditor seeking a deficiency judgment must plead and prove the property was sold after appraisal in accordance with the codal and statutory laws and the proceeds of the judicial sale were insufficient to satisfy the debt. See LSA-C.C.P. Art. 2723 & 2771; LSA-R.S. 13:4106; First Acadiana Bank v. Bieber, 582 So.2d 1293 (La.1991). The Deficiency Judgment Act prohibits a deficiency judgment when a sale is made without appraisal. LSA-R.S. 13:4106. The debtor may defend against an action for a deficiency judgment by demonstrating the creditor's failure to prove one of the elements required by law. First Guaranty Bank v. Baton Rouge Petroleum, 529 So.2d 834 (La.1987), on rehearing. Since plaintiffs must prove there was a valid appraisal in order to obtain a deficiency judgment, defendants' failure to attack the appraisal *714 process during the executory process does not bar them from raising the issue in the suit for a deficiency judgment. See Williams v. Perkins-Seigen Partnership, 633 So.2d 1247 (La.1994).[1]
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion; all allegations of the party opposing the motion must be taken as true; and, all doubt must be resolved in his favor. Schroeder, supra; Self v. Walker Oldsmobile Co, Inc., 614 So.2d 1371 (La.App. 3d Cir.1993). In determining whether the movant has satisfied his burden of showing that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law, documents supporting the movant's position are closely scrutinized, while the opposing documents are treated indulgently. Self, supra.
Defendants argue Girlinghouse's appraisal is invalid because lot six was not appraised. Girlinghouse testified that he appraised lot six and notes that the sheriff's office's suit record contains a photograph and floor plan of the house on lot six. However, Girlinghouse could not recall whether the cover letter, which contained his appraisal of lot six, was attached to the appraisal form reporting the assessed value of lots one through five. Ray testified the appraisal was enclosed in an envelope when he retrieved it from Girlinghouse's office; and, he did not examine the contents of the envelope. He stated that he immediately delivered the appraisal to the sheriff's office. Gloria Rachal, Civil Deputy for the Rapides Parish Sheriff's Office, testified the cover letter was not attached to the report. On the Sheriff's Appraisal Form, which Rachal completed, she noted that Girlinghouse assessed a value of $8,500 to all six lots. The separate $4000 value Girlinghouse allegedly assessed to lot six was not reflected on the appraisal form.
Although Girlinghouse claims he appraised lot six, the evidence shows that his cover letter (which contained the appraisal of lot six) is not in the record. When multiple properties are the subject of one mortgage, a creditor cannot sell some of the properties without appraisal and collect a deficiency judgment on those sold with appraisal. Bank of Commerce & Trust Co. v. Landry, 610 So.2d 927 (La.App. 1st Cir.1992), writ denied, 612 So.2d 82 (La.1993). To allow a creditor to do so would require that courts determine what price the unappraised property would have yielded at a public sale; what portion of the property mortgaged was sold without appraisal; and what portion of the debt relates to the unappraised property. Also, courts would have to determine which valuation to use in each calculation: the purchase price, the fair market price, or the appraised value. These are factors we do not believe the legislature intended us to supply. Id. Since the appraisal of lot six was not attached to nor reflected in the form delivered to the Sheriff's office, the record supports the trial court's factual finding that lot six was not properly appraised; and thus, the entire appraisal was invalid. Next, we must decide whether defendants are entitled to summary judgment as a matter of law.
A judicial sale conducted under an invalid appraisal is tantamount to a sale without appraisal. Williams, supra Bank of Commerce & Trust Co., supra. Plaintiffs sold the seized property without a valid appraisal. However, plaintiffs argue the omission of Girlinghouse's cover sheet is not a fundamental defect that renders his appraisal invalid. They reason that Girlinghouse's appraisal did not make a factual difference in *715 the judicial sale because a third appraiser was appointed. However, the Louisiana Supreme Court recently reiterated that substantial compliance with statutorily imposed appraisal requirements is not sufficient to support an action for deficiency judgment. Strict compliance with the appraisal requirements is necessary. Williams, supra. LSA-R.S. 13:4363 requires an appraisal by the creditor and debtor. Since the plaintiffs' appraisal is invalid, they have failed to meet the statutory requirements necessary to obtain a deficiency judgment. See Bourgeois v. Sazdoff, 209 So.2d 320 (La.App. 4th Cir. 1968).
The consequence of selling seized property without a valid appraisal is clear. The creditor is precluded from seeking a deficiency judgment. See LSA-C.C.P. Art. 2771 & 2723; LSA-R.S. 13:4106; Security Homestead Association v. Fuselier, 591 So.2d 335 (La.1991). Defendants are entitled to summary judgment as a matter of law because all of the property subject to the mortgage was not appraised. Therefore, we pretermit discussing the remaining issues raised on appeal.

CONCLUSION
Accordingly, the judgments of the trial court granting defendants motion for summary judgment and denying plaintiffs' motion for summary judgment are affirmed. Costs are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] We are bound to follow the last pronouncement of the Louisiana Supreme Court at the time this opinion was rendered. We note, however, the Supreme Court granted rehearing in Williams.