583 So.2d 559 (1991)
FIRST NATIONAL BANK OF HOUMA, Plaintiff-Appellant,
v.
Frank R. BAILEY, Jr., Defendant-Appellant,
Edward D. Wooten, Sheriff of Plaquemines Parish, Louisiana, Defendant-Appellee.
No. 90-175.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
*560 Duval, Funderburk, Sundbery & Lovell, Stanwood R. Duval, Jr., Clayton Lovell, Houma, for plaintiff/appellant
Richard H. Bailey, in pro. per.
G. Bruce Kuehne, Baton Rouge, for defendant/appellant Bailey.
Ursy & Weeks, Fred Schroeder, Dennis P. Couvillon, Metairie, for defendant/appellee Wooten.
Before GUIDRY, YELVERTON and WILLIAM A. CULPEPPER[*], JJ.
GUIDRY, Judge.
Plaintiff, First National Bank of Houma (Bank), sought a deficiency judgment against continuing guarantors of two promissory notes executed by Century Mineral Corporation (Century), as maker, following a judicial sale of the mortgaged property through executory process. One of the guarantors, Frank R. Bailey, Jr. (Bailey), resisted the Bank's demand contending that its demand was barred as the entire debt was extinguished because the statutorily required appraisal process was not strictly complied with prior to the sale. The Bank then amended its pleadings to include the sheriff as a defendant urging that if the court should hold that the entire debt was extinguished because of improperly *561 conducted appraisals, the Sheriff was liable to it for the deficiency.
The trial court granted summary judgment on motion of the Sheriff concluding that La.R.S. 13:4108.1, which became effective prior to the judicial sale in this case, entitles the Bank to secure a deficiency judgment against Bailey irrespective of whether the judicial sale at public auction in this case was conducted with or without a valid prior appraisal. The trial court also dismissed Bailey's motion for summary judgment concluding that a genuine issue of material fact remained in dispute, i.e., whether the appraisals which preceded the judicial sale were valid or defective. Finally, on motion of Bailey, which suggested that his only defense to the Bank's demand was the invalidity of the appraisals, judgment was rendered in favor of the Bank against Bailey in order that he might participate in this appeal. The Bank and Bailey appealed.

FACTS
On August 18, 1983 and January 16, 1984, Century executed two promissory notes for $925,000 and $300,000, respectively. These notes were secured by a collateral mortgage in favor of the Bank encumbering certain mineral properties and equipment located in Plaquemines Parish. On the same dates, Frank R. Bailey, Jr. and Richard H. Bailey executed continuing guarantees of Century's notes. On January 30, 1986, following Century's default on both notes, the Bank sued the Baileys at their domicile in Lafayette Parish for enforcement of the guaranty agreements. Richard was not served and made no appearance.
On March 6, 1986, the Bank filed an executory proceeding against Century in Plaquemines Parish to enforce the mortgage. On March 11, 1986, a writ of seizure and sale issued. The Bank's appraiser valued the seized property at $150,250. Sheriff Wooten appointed an appraiser upon Century's failure to appoint one. The appraisals differed slightly. Sheriff Wooten then appointed a third appraiser. The appraisals of the Sheriff's appointees were $150,000 and $149,000. In March 1987, the seized property was sold at public auction by the Sheriff to the Bank for $105,000, more than 2/3rds of the appraised value. Neither the Bank nor Century contests the sale or the appraisals.
A partial summary judgment was rendered in this proceeding on January 16, 1987 against Bailey on the $300,000 continuing guaranty. No appeal was taken from this judgment and it is now final. In February 1988, Bailey amended his answer in this suit seeking a discharge from his obligations under the $900,000 continuing guaranty because of alleged irregularities in the Sheriff's appraisals which preceded the judicial sale of Century's properties. Bailey also urged that, for this same reason, the $300,000 judgment previously rendered against him should be deemed satisfied. In March 1988, the Bank responded by including the Sheriff as a defendant in the event that the court found Bailey's debt extinguished because of defective appraisals.
As aforestated, Sheriff Wooten motioned for summary judgment urging that La. R.S. 13:4108.1, which became effective prior to the judicial sale, entitles the Bank to a deficiency judgment regardless of a prior valid appraisal and, therefore, the Bank's demand against him should be dismissed.
In his reasons for judgment, the trial court stated:
"The above-cited statute [La.R.S. 13:4108.1] became effective on or about August 6, 1986, in the midst of these proceedings, but before the sheriff's sale, which occurred in March of 1987. The need for and right to a deficiency judgment does not arise until after the sale has taken place and the property has been sold for an amount less than that which is owed to the creditor. The Court feels that for purposes of the statute, the relevant date is the occurrence of the sheriff's sale, which in this case took place after the statute's effective date. See also Bank of New Roads v. Livonia South, Inc., 527 So2d 1132, 1136 (La. App. 1st Cir.1988), writ denied 532 So2d 150 (La.1988).

*562 Mr. Bailey's contention that the statute is not applicable because there was no agreement between the Bank and Century as to the property's `reasonable equivalent value' the Court finds is without merit. The statute provides: `In no event, however, may a mortgagee or other creditor pursue any debtor, guarantor, or surety for more than the secured obligation, minus the reasonably equivalent value of the property sold.' The Court is of the opinion that this portion of the statute applies to dations en paiement and sales made without the benefit of appraisal. If an appraisal has been conducted, it is not necessary for the owner and the mortgagee to attribute a value to the property being sold."
The Bank and Bailey urge that the trial court erred in retroactively applying La. R.S. 13:4108.1. The Bank and Bailey also urge that the trial court erred in concluding that the cited statute applies even in the absence of an agreement by the parties as to the "reasonably equivalent value" of the property to be sold.
We disagree with the trial court's interpretation of R.S. 13:4108.1 and reverse.

OPINION
Since we decide this case on substantive grounds, we need not consider appellants' alternate contention that the trial court erred in retroactively applying R.S. 13:4108.1.
The statute, as originally enacted, read as follows:
"§ 4108.1. Deficiency judgment when obligations based upon commercial transaction
A. Notwithstanding any other law to the contrary, including but not limited to R.S. 13:4106 and 4107, if a mortgagee or other creditor holds a mortgage, pledge, or privilege which secures an obligation in a commercial transaction, the mortgagee or other creditor may collect from or pursue any debtor, guarantor, or surety for a deficiency judgment on the secured obligation whether or not the mortgagee or other creditor has foreclosed on all or any of the property and sold such property at a judicial or private sale, with or without appraisal, regardless of the minimum bid, and whether or not the mortgagee or other creditor has acquired such property from any debtor, guarantor, or surety pursuant to a complete or partial dation en paiement. In no event, however, may a mortgagee or other creditor pursue any debtor, guarantor, or surety for more than the secured obligation, minus the reasonably equivalent value of the property sold.
B. For the purpose of this Section, the terms "commercial transaction" and "reasonably equivalent value" shall have the following meanings:
(1) "Commercial transaction" means any transaction entered into primarily for business or commercial purposes.
(2) "Reasonably equivalent value" means the value that the owner and the mortgagee or other creditor of the property being sold or otherwise disposed of agree to attribute to the property for the purposes of reducing the secured debt."[1]
*563 The Louisiana Deficiency Judgment Act, which was initially enacted in 1934, read as follows at the time the public sale in this case was conducted:
"§ 4106. Deficiency judgment prohibited if sale made without appraisement
If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.
If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby. As amended Acts 1952, No. 20, § 1; Acts 1960, No. 32, § 1."[2]
The act is located in Title 13 of the Revised Statutes entitled "Executory Process". The act is intended "to apply to situations in which executory proceedings are used". Guaranty Bank of Mamou v. Community Rice Mill, Inc., 502 So.2d 1067 (La.1987).
The LDJA's purpose is to protect a debtor from an over-reaching creditor. It was intended to prevent the inequity inherent in a creditor foreclosing on a debtor's property without appraisal, buying the property in for a low price and thereafter obtaining a personal judgment against the debtor for a greater amount than if the property had been sold pursuant to a valid appraisal. University Properties Corp. v. Fidelity National Bank, 500 So.2d 888, 892 (La.App. 1st Cir.1986), writ denied, 501 So.2d 762 (La.1987). The debtor protection policy of the LDJA requires strict compliance with its provisions, otherwise the debt stands fully satisfied and the debtor is personally discharged. Rushing v. Dairyland Insurance Co., 456 So.2d 599 (La.1984).
Following enactment of the LDJA our courts consistently required strict compliance by a creditor with its provisions before allowing a deficiency judgment. Initially, any attempt to circumvent the act was curtailed. Even an arms length agreement between a creditor and debtor to dispose of collateral was held to contravene the strict public policy of the LDJA. Justice v. Caballero, 393 So.2d 866 (La.App. 4th Cir.1981). The courts held that the debtor himself could not waive the benefits that the Act bestowed upon him. University Properties Corp. at 896. In effect, this paternalistic protection of the debtor prevented his freedom to contract to his benefit. David Investment Company v. Wright, 89 So.2d 442 (La.App. 1st Cir. 1956). The creditor was penalized for any leniency towards the debtor when the creditor provoked or participated in a private sale without appraisal even where the debtor himself actively sold the property and benefited from the sale. Justice v. Caballero, supra; University Properties Corp. at 895-899; American Security Bank of Ville Platte v. Dufour, 465 So.2d 162 (La.App. 3rd Cir.1985).
Despite this rather consistent strict application of the LDJA, some courts recognized that such strict adherence to R.S. 13:4106 paradoxically disadvantaged the debtor. The thrust of this line of jurisprudence protects the debtor and promotes leniency by the creditor without the creditor losing his right to a deficiency judgment where all parties are in agreement. Southland Inv. Co., Inc. v. Motor Sales, Inc., 198 La. 1028, 5 So.2d 324 (1941); Hammond Finance Co. v. Carter, 83 So.2d 682 (La.App. 1st Cir. 1955); Commercial Credit Equipment Corp. v. Larry Parrott of Gueydan Inc., 212 So.2d 860 (La.App. 3rd Cir.1968), writ denied, 252 La. 895, 214 So.2d 719 (La.1968); Liberty Loan Corporation of Lafayette, Inc. v. Jobe, 203 So.2d 723 (La.App. 3rd Cir.1967), writ denied, *564 251 La. 734, 206 So.2d 90 (1968); University Properties Corp.
In University Properties Corp., a creditor and debtor agreed to reduce the debt by a partial dation en paiement.[3] In that case, the court permitted the creditor to rebut the presumption that the agreement circumvented the LDJA, upon a showing that the parties acted in good faith, the debtor consented to the agreement, and the agreement benefited the debtor. The court concluded that, under such circumstances, the dation did not violate the LDJA and the creditor was entitled to a deficiency judgment.

INTERPRETATION OF R.S. 13:4108.1
In our view, in enacting R.S. 13:4108.1, the legislature recognized that strict adherence to R.S. 13:4106, without exception whatever, completely deprived the creditor and debtor of any flexibility in debt reduction which often paradoxically operated to the debtor's detriment. Further, we opine that by adopting R.S. 13:4108.1 the legislature intended to codify the jurisprudential exception to the LDJA recognized in, among others, the cited cases where in commercial transactions a creditor can retain his right to a deficiency judgment if the parties, acting in good faith, consensually agree to debt reduction by a method other than public judicial sale preceded by appraisal. In other words, R.S. 13:4108.1 was not intended by the legislature to supersede the LDJA but only as an exception where the requisite consent of the parties is present.
The statute expressly requires that the parties agree upon the value attributable to the property being sold, whether the collateral is to be disposed of by "judicial, private or public sale, with or without appraisal" or whether the creditor is to acquire the property by a "complete or partial dation". Any means of disposing of the collateral is viewed as an acceptable way to reduce the debt if the parties agree to do so and agree upon the reasonably equivalent value of the property. This statute fosters leniency by the creditor who is still entitled to a deficiency judgment however, only in excess of the reasonable value accorded the property, and allows the debtor freedom to contract for beneficial debt reduction.
Once the reasonable equivalent value is agreed upon, by whatever method the encumbered property is disposed of, that amount is credited against the debt, regardless of the proceeds actually obtained. On the other hand, if the parties fail to agree, the creditor is still entitled to foreclose through executory process, however, in such event, the stringent rules prescribed by the LDJA apply.
Consistent with our interpretation of La. R.S. 13:4108.1, we determine that the trial court erred in rendering judgment dismissing the Bank's suit against Sheriff Ernest D. Wooten. There is no evidence in the record of any agreement between the Bank, Century and/or Bailey as to the "reasonably equivalent value" of the property sold at judicial sale. This being so R.S. 13:4108.1 is not applicable. Therefore, the Bank is entitled to a deficiency judgment against Bailey, under the guaranty agreement, only if it be established that the provisions of R.S. 13:4106 were strictly complied with when the mortgaged property was sold at judicial sale.
The trial court dismissed Bailey's motion for summary judgment finding an unresolved issue of material fact, i.e., validity or invalidity of the appraisals. We agree and affirm the trial court's holding in this regard.
For these reasons, the judgments appealed from, other than the judgment dismissing the motion for summary judgment filed by Frank R. Bailey, Jr., are reversed and set aside. This matter is remanded to the trial court for further proceedings consistent with the views expressed. Costs at the trial level are to await a final disposition of this matter. Costs of this appeal are taxed one-half (½) to Sheriff Ernest D. Wooten and one-half (½) to Frank R. Bailey, Jr.
*565 AFFIRMED IN PART; REVERSED IN PART; AND, REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision as Judge Pro Tempore.
[1] The statute became effective August 31, 1986. R.S. 13:4108.1 was amended by Act 1989, No. 137, Sec. 8, effective September 1, 1989, which rewrote § A to read:

"§ 4108.1. Deficiency judgment when obligations based upon commercial transaction
A. As an exception to R.S. 13:4106 and 4107, if a mortgagee or other creditor holds a mortgage, pledge, security interest, or privilege which secures an obligation in a commercial transaction, the mortgagee or other creditor may collect from or pursue any debtor, guarantor, or surety for a deficiency judgment on the secured obligation whether or not the mortgagee or other creditor has foreclosed on all or any of the property and sold such property at a judicial, public or private sale, with or without appraisal, regardless of the minimum bid, and whether or not the mortgagee or other creditor has acquired such property from any debtor, guarantor, or surety pursuant to a complete or partial dation en paiement. However, other than with regard to a secured transaction subject to Chapter 9 of the Louisiana Commercial Laws, a mortgagee or other creditor may not pursue any debtor, guarantor, or surety for more than the secured obligation, minus the reasonably equivalent value of the property sold."
In our view, the change of the introductory phrase "as an exception to R.S. 13:4106 and 4107" evidences the legislative intent to clarify that Sec. 4108.1 is an exception to the existing laws, which are otherwise still applicable.
[2] R.S. 13:4106 was amended by Act 137 of 1989 Section 8, effective September 1, 1989.
[3] Although R.S. 13:4108.1 was enacted effective August 3, 1986, the transactions in this case occurred prior to the effective date of the statute.