598 So.2d 1166 (1992)
Dewanna J. ATKINSON
v.
Ronald E. SUMRALL and Mary Sumrall.
No. CA 91 0392.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
*1167 Glenn Marcel, Baton Rouge, for plaintiff/appellant.
Gary K. McKenzie, Baton Rouge, for defendant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.
This matter is on appeal by the plaintiff from a summary judgment in favor of the defendants, which dismissed plaintiff's petition at her cost. For the following reasons, we affirm the judgment of the trial court.

Background Facts
In September, 1987, defendants, Ronald E. and Mary Sumrall, purchased Denham Springs Hardware from the plaintiff, Dewanna Atkinson. A written Act of Sale and Mortgage of Inventory and Goodwill were executed together with a promissory note in the amount of two hundred sixty-four thousand four hundred six and 48/100 ($264,406.48) dollars. In early 1989, the defendants defaulted on the note and, according to the plaintiff's allegations, unilaterally abandoned the business. Shortly thereafter, the plaintiff took over the business, and sold "whatever inventory she could" in the ordinary course of business. She then sold the additional remaining inventory at public auction.
On September 28, 1989, the plaintiff filed suit against the defendants for the balance of the promissory note, two hundred thirty thousand four hundred fifty-three and 75/100 ($230,453.75) dollars, plus attorney's fees and costs. In September, 1990, the defendants filed a motion for summary judgment, based on the provisions of the Louisiana Deficiency Judgment Act, LSA-R.S. 13:4106 et seq. This motion was granted by the trial court on December 6, 1990.
Application of the Louisiana Deficiency Judgment Act (LDJA)
The plaintiff maintains that the trial court erred in finding that she was not entitled to a deficiency judgment; she assigns error to the trial court's failure to apply 13:4108.1, the commercial transaction exception to the deficiency judgment statute, which she claims entitles her to seek a deficiency judgment against the defendants, notwithstanding that the sale of the inventory was had without a prior valid appraisal.
At the time of the sale of the inventory, 13:4108.1 provided:
A. Notwithstanding any other law to the contrary, including but not limited to R.S. 13:4106 and 4107, if a mortgagee or other creditor holds a mortgage, pledge, or privilege which secures an obligation in a commercial transaction, the mortgagee or other creditor may collect from or pursue any debtor, guarantor, or surety for a deficiency judgment on the secured obligation whether or not the mortgagee or other creditor has foreclosed on all or any of the property and sold such property at a judicial or a private sale, with or without appraisal, regardless of the minimum bid, and whether or not the mortgagee or other creditor has acquired such property from any debtor, guarantor, or surety pursuant to a complete or partial dation en paiement. In no event, however, may a mortgagee or other creditor pursue any debtor, guarantor, or surety for more than the secured obligation, minus the reasonably equivalent value of the property sold.
B. For the purpose of this Section, the terms "commercial transaction" and "reasonably equivalent value" shall have the following meanings:
(1) "Commercial transaction" means any transaction entered into primarily for business or commercial purposes.
(2) "Reasonably equivalent value" means the value that the owner and the mortgagee or other creditor of the *1168 property being sold or otherwise disposed of agree to attribute to the property for the purposes of reducing the secured debt.[1]
The above provision allows a creditor to seek a deficiency judgment against a debtor, in a commercial transaction, even in the absence of judicial process, when the creditor and debtor have reached an agreement as to the value to be attributed to the property. Contrary to plaintiff's argument, the statute does not sanction self-help foreclosure, which has been intentionally rejected in Louisiana law.[2]
In First National Bank of Houma v. Bailey, 583 So.2d 559, 564 (La.App. 3rd Cir.1991), the court interpreted LSA-R.S. 13:4108.1 as follows:
"[W]e opine that by adopting R.S. 13:4108.1 the legislature intended to codify the jurisprudential exception to the LDJA recognized in, among others, the cited cases where in commercial transactions a creditor can retain his right to a deficiency judgment if the parties, acting in good faith, consensually agree to debt reduction by a method other than public judicial sale preceded by appraisal. In other words, R.S. 13:4108.1 was not intended by the legislature to supersede the LDJA but only as an exception where the requisite consent of the parties is present.
The statute expressly requires that the parties agree upon the value attributable to the property being sold, whether the collateral is to be disposed of by "judicial, private or public sale, with or without appraisal" or whether the creditor is to acquire the property by a "complete or partial dation". Any means of disposing the collateral is viewed as an acceptable way to reduce the debt if the parties agree to do so and agree upon the reasonably equivalent value of the propert...." (emphasis in original).
We agree with the interpretation of the Third Circuit, and conclude that the trial court in this case did not err in failing to apply R.S. 13:4108.1 in the absence of an agreement between the plaintiff and the Sumralls as to the value to be placed on the inventory prior to its sale.
Since LSA-R.S. 13:4108.1 is inapplicable to the circumstances of this case, LSA-R.S. 13:4106 applies and bars a deficiency judgment, since the inventory was sold in a non-judicial sale without appraisal.

Summary Judgment
Summary judgments are granted sparingly, only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966. Plaintiff's allegations in this case admit that the property was repossessed and sold in the absence of an agreement for non-judicial disposal and in the absence of any agreement as to the agreed upon value to be attributed to the inventory. These allegations provide an adequate basis for the trial court's finding that there was no genuine issue of material fact, and therefore, the summary judgment in favor of the defendants was proper.
Accordingly, the judgment of the trial court is affirmed; costs of this appeal are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] LSA-R.S. 13:4108.1 was subsequently amended, without substantive change, by Act 1989, No. 137, Sec. 8, effective September 1, 1989.
[2] Article 9 of the Uniform Commercial Code was adopted and enacted effective January 1, 1990, as LSA-R.S. 10:9-101, et seq., however, our Legislature specifically rejected the self-help repossession provision, which was adopted by most other states, pursuant to Section 9-503.