622 So.2d 662 (1993)
CITIZENS SAVINGS AND LOAN ASSOCIATION
v.
John Garfield KINCHEN.
No. 92-C-0318.
Supreme Court of Louisiana.
August 2, 1993.
Rehearing Denied September 23, 1993.
*663 Harvey H. Posner, Baton Rouge, for applicant.
John H. Fetzer, III, Baton Rouge, for respondent.
DENNIS, Justice.[*]
The issue in this case is whether a creditor, in order to obtain a deficiency judgment against a debtor, is required to prove that the debtor was served with notice to appoint an appraiser as required by law prior to judicial sale, notwithstanding the debtor's actual notice of the executory proceedings. The trial court rendered a summary deficiency judgment against the debtor, concluding that legal notice is not required when the debtor has actual notice of the proceedings. The Court of Appeal reversed, holding that the creditor, in order to obtain a deficiency judgment, must prove that the debtor received statutory notice to name an appraiser, as well as formal service of process and notice of seizure. We affirm the court of appeal judgment because its result is correct. The creditor, in order to obtain a deficiency judgment, is required to prove that prior to the sale the property was appraised in accordance with law. Consequently, the creditor must show that the debtor received the statutorily prescribed notice to appoint an appraiser to value the property. Proof of other statutory notices, such as notice of seizure, is not required. Proof of the debtor's actual notice of the proceedings does not satisfy the statutory requirement.
William Hart, defendant herein, purchased two commercial properties, office units in a "horizontal property regime," on December 23, 1973, for the purchase price of $24,720.00 each. The purchase of these two properties was financed by two promissory notes and each was secured by a mortgage on the property. Plaintiff, Citizens Savings and Loan Association ("Citizens"), held both notes. Hart sold these properties to Elmer Ritter in 1974. Ritter assumed the obligations evidenced by the promissory notes and bound himself jointly and in solido with Hart to Citizens. In 1976, Ritter sold the properties to Kinchen, who likewise assumed all the obligations imposed on Hart.
Payments on the notes became delinquent during 1988, and Citizens filed executory process, seeking to foreclose upon the mortgage. Only Kinchen, the present owner of the property was made a defendant; and demand for payment, notice to appoint an appraiser and notice of seizure were served upon Kinchen with respect to each of the properties. Hart was not made a defendant, and no formal notices were served upon him. However, it is clear that copies of the demand letters sent by Citizens to Kinchen were sent to Hart, who was evidently aware of the delinquencies as of August 15, 1988. The record also establishes that Hart, on March 3, 1989, was mailed a letter by Citizens' attorney which informed Hart of the date, place and time of the impending judicial sale of the property he had originally mortgaged and the amount needed to satisfy the indebtedness for which Hart was still liable.
Appraisal was made and the property was sold at judicial sale for an amount in excess of the appraised value. Nevertheless, a deficiency remained after the sale proceeds were applied to the total indebtedness, and Citizens sought to convert the executory proceedings into an ordinary action seeking a deficiency judgment. Citizens named Hart as defendant with respect to each suit. The suits were consolidated on motion of Hart.
The trial court granted Hart's motion for a summary judgment dismissing the deficiency action but later reversed field, granting Citizens a new trial and ultimately a summary judgment for the deficiency owed. Hart appealed. The court of appeal reversed, holding that a mortgage creditor is not entitled to recover a deficiency judgment against an original mortgagor when that mortgagor has not been made a party to executory proceeding and has not received service of notice of demand, notice to appoint an appraiser, and notice of seizure. *664 Citizens Sav. and Loan Ass'n. v. Kinchen, 588 So.2d 1214 (La.App. 1 Cir. 1991). This court granted certiorari. 595 So.2d 643 (La.1992).
When property has been sold under the executory proceedings after appraisal and in accordance with statutory provisions governing appraisal, the creditor may obtain a personal judgment against the debtor for any deficiency remaining after the application of the net proceeds of sale to the secured debt. La.Code Civ.Proc. art. 2771. However, the creditor can do so only by converting the executory proceeding into an ordinary one, or by institution a new suit against the debtor. La.Code Civ. Proc. arts. 2644 & 2772. Under either method, the new proceeding is a personal action, in which the defendant has all of the rights of a defendant in an ordinary proceeding, e.g., he must be subjected personally to the jurisdiction of the court and process must be served on him. The confession of judgment, having served its purpose in the executory proceeding, has become functus officio, and the mortgage creditor must prove the indebtedness asserted by the usual modes of proof. La. Code Civ.Proc. art. 2772; First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 838 (La.1987) (On rehearing), and authorities cited therein.
To obtain a deficiency judgment, the creditor first must affirmatively plead and prove the existence of the obligation; giving rise to the debt, La.Civ.Code art. 1831, and the grounds of non-performance entitling him to maintain his judicial action. La.Civ.Code art. 1994. Further, the creditor must aver and establish that the property was sold under executory proceedings after appraisal in accordance with the provisions of Article 2723 of the Code of Civil Procedure, and that the proceeds were insufficient to satisfy the balance of the performance then due. La.Code Civ.Proc. art. 2771; La.R.S. 13:4106 & 4107; First Guaranty Bank, 529 So.2d at 838 (on rehearing).
The provisions of article 2723 pertaining to appraisal require that prior to the sale, the property seized must be appraised in accordance with law. La.Code Civ.Proc. art. 2723. One of the legal requirements of a valid appraisal is that the sheriff must serve written notice on the debtor within a prescribed time and in a certain manner directing him to name an appraiser to value the property. La.R.S. 13:4363. Because the aim of the Deficiency Judgment Act is to protect against unjust sacrifice of debtors' property by requiring appraisal as a condition precedent to a deficiency judgment, First Guaranty, 529 So.2d at 844; McMahon, The Historical Development of Executory Process in Louisiana, 32 Tul. L.Rev. 555, 567 (1958), we conclude that the express statutory requirement that written notice be served upon debtors to name appraisers was intended to further the legislative aim by alerting debtors to the opportunity to protect their interests by participating in the appointment of appraisers and by monitoring the judicial sale proceedings. See Security Homestead Ass'n v. Fuselier, 591 So.2d 335 (La.1991). Hence, the service of written notice to appoint appraisers upon the debtor is an essential element of an appraisement in accordance with law, and the creditor may not obtain a judgment against the debtor for any deficiency due unless he proves that this legal prerequisite has been complied with. Security Homestead Ass'n v. Fuselier, 591 So.2d 335 (La.1991); Federal Savings and Loan Insurance Co. v. Tri-Parish Ventures, Ltd., 881 F.2d 181, 184 (5th Cir. 1989).
On the other hand, there is no statutory provision requiring the creditor to prove service of any other notice or process on a debtor prior to the judicial sale as a condition precedent to a deficiency judgment. Accordingly, we reject as incorrect the statement by the court of appeal in the present case that a mortgagee, in order to recover a deficiency judgment against an original mortgagor, is required to make him a party to the executory proceeding or to have him served with notice of demand or notice of seizure. For the same reason we are required to remove from this court's opinion in Security Homestead Ass'n v. Fuselier, 591 So.2d 335 (La.1991) *665 the implication that La.Code Civ.Proc. art. 2721 or due process requires service of notice of seizure upon the debtor as a condition precedent to a deficiency judgment. The foregoing statements were neither required by the Deficiency Judgment Act nor necessary to the analytical foundations of the holdings in those cases. Furthermore, as we observed in First Guaranty Bank, supra, the Deficiency Judgment Act protects debtors against an unjust sacrifice of their property by requiring that when property is not lawfully appraised before its sale, or when a creditor takes advantage of a waiver of appraisement by a debtor, and the proceeds are insufficient to satisfy the debt, the debt is discharged and the creditor shall not have an unqualified right to proceed against the debtor or any of his other property for such deficiency. First Guaranty, 529 So.2d at 844; La.R.S. 13:4106-4107. See McMahon, The Historical Development of Executory Procedure in Louisiana, 32 Tul.L.Rev. 555, 567 (1958). Consequently, the statutory requirement that the debtor be served with written notice of his right to appoint an appraiser to value the property prior to its sale affords him fairness and due process by assuring him notice and an adequate opportunity to see that the protections of the Deficiency Judgment Act are fully asserted in his behalf.
As to one of the three executory proceedings involved in Fuselier, supra, this court held that the creditor was entitled to a deficiency judgment notwithstanding its failure to have notice to appoint appraisers validly served upon the debtor. Citizens relies upon that case as precedent in arguing that it should be entitled to a deficiency judgment against Hart. In Fuselier, however, the creditor attempted to have the debtor served through a curator, who gave the debtor actual notice of seizure by mail. This court held that, although the curator's appointment was invalid because the debtor was not an absentee, the fact that the debtor was given actual notice through a court appointed officer precluded him from raising lack of notice as a defense. For the reasons we have assigned in interpreting the Deficiency Judgment Act, we conclude that the holding in Fuselier, supra, is irregular because of its circumstances and should be limited to its own unusual facts. Those facts are not sufficiently akin to the facts of the present case to qualify Fuselier as an example that should be followed here.
Citizens seeks to rely upon La.R.S. 13:4108.1, which provides that a creditor in a commercial transaction may obtain a deficiency judgment despite non-compliance with the Deficiency Judgment Act, provided that the judgment shall be subject to a credit for the value that the owner and the mortgagee or other creditor agree to attribute to the property for the purpose of reducing the secured debt. This statute was enacted to facilitate consensual debt reduction or "work-out" agreements. See Atkinson v. Sumrall, 598 So.2d 1166 (La. App. 1st Cir.1992); First National Bank of Houma v. Bailey, 583 So.2d 559 (La. App. 3d Cir.1991). La.R.S. 13:4108.1 is inapplicable to the present case because there is no evidence that the parties entered into a debt reduction agreement or agreed to attribute a value to the property for this purpose. Such an agreement is "crucial" and must be confected prior to the sale. Rubin & Grodner, Developments in the Law 1991-1992Security Devices, 53 La.L.Revc. 969, 990 (1993). In the absence of such an agreement, the statute is inoperative.

DECREE
For the foregoing reasons, the judgment of the Court of Appeal is affirmed.
AFFIRMED.
LEMMON and HALL, JJ., concur with reasons.
COLE, J., dissents with reasons.
LEMMON, Justice, concurring.
Fundamental fairness requires that each debtor on the obligation which is enforced in an executory proceeding must be notified of the seizure in order to allow the debtor a meaningful opportunity, not only to assert defenses by suspensive appeal *666 from the order of seizure and sale or by injunction, but also to protect his interests by participating in the appraisal process and by monitoring the judicial sale proceedings. Absent such notice, the creditor may not pursue a subsequent deficiency judgment action against that debtor.
HALL, Justice, concurring.
LSA-C.C.P. Art. 2701 provides that when, as here, the mortgaged property has been transferred to a third party, the creditor may bring the executory proceeding solely against the original mortgagor and need not join the third party. Here, the creditor chose to do the oppositebring the executory proceeding solely against the third party. We granted writs in this case primarily to determine whether the creditor's failure to join the original mortgagor as a party thus precludes the creditor from seeking a deficiency judgment against the original mortgagor. While I agree with the majority's conclusion that the creditor is precluded from seeking a deficiency judgment, I disagree with the majority's narrow rationale for so concluding. Particularly, I disagree with the majority's rationale that the original mortgagor need only be given notice to appoint an appraiser and need not be given notice of demand or notice of seizure, nor joined as a party.
I would prefer for this court to adopt the approach taken by the federal court in Federal Savings and Loan Insurance Corp. v. Tri-Parish Ventures, Ltd., 881 F.2d 181 (5th Cir.1989), an approach consistent with both First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La.1987) and Security Homestead Ass'n v. Fuselier, 591 So.2d 335 (La.1991). There, the federal court found that the creditor's failure to name the original mortgagors in the executory proceeding or to otherwise assure that the sheriff served them with the notices prescribed by statute deprived them of a significant right, not a mere procedural nicety. The court, citing LSA-C.C.P. Art. 2701, noted that while a creditor is not required to join an original mortgagor as a party to the executory proceeding, "it is nigh universal practice to do so." Id. at 184. Continuing, the court concluded that if the creditor wants to preserve its deficiency judgment rights against the original mortgagor, the creditor must both join the original mortgagor as a party and give the original mortgagor notice of seizure and notice of the right to appoint an appraiser.
To afford a debtor/defendant the right and a meaningful opportunity to protect himself by monitoring the executory proceeding and participating in the appraisal process, the debtor/defendant should be made a party defendant and be served with notice of seizure and notice to appoint appraisers as required by law. As this was not done in the instant case, the creditor is precluded from pursuing a deficiency judgment against the original mortgagor. I therefore concur.
COLE, Justice, dissenting.
In my view, the majority ignores a crucial fact in this case. In the 1974 sale by Hart to Ritter and the 1976 sale by Ritter to Kinchen, the new purchasers assumed all of the obligations imposed on Hart. Under these circumstances, I believe Hart clearly subrogated his right to appoint an appraiser to Ritter and Kinchen, and retained no independent right to appoint an appraiser.
The majority recognizes due process does not require the original mortgagor be joined as a party, nor does it require he receive notice of demand or notice of seizure, in order for the creditor to seek a deficiency. Given this holding, it is difficult to understand why the majority chooses to give such a draconian interpretation to the requirement in La.R.S. 13:4363 that the sheriff serve written notice to appoint an appraiser. I believe it is more consistent to hold that service of written notice to appoint an appraiser is not a component of due process, and the original mortgagor is free to subrogate his right to appoint an appraiser to subsequent purchasers.
Since I find Hart subrogated his right to receive written notice to appoint an appraiser, I would affirm the decision of the trial court awarding a deficiency judgment *667 in Citizen's favor against Hart. Accordingly, I respectfully dissent.
NOTES
[*] Cole, J., assigned to participate in the decision of this case argued prior to his retirement.