BARRY, Judge.
Robert and Henrietta Clark appeal a deficiency judgment in favor of Whitney National Bank (Whitney) for $67,655.19 plus interest, costs and attorney fees, rendered on a motion for summary judgment.
The Whitney instituted executory proceedings on February 6, 1992, asserting that the Clarks had defaulted on three promissory notes:
1) A note dated April 12, 1990 for $41,500 at 12.5% interest with a principal balance of $40,500 (Note 1);
2) A note dated January 25, 1991 for $29,-656 at 11% interest with a principal balance of $12,414.01 (Note 2);
3) A note dated February 1, 1990 for $282,749.90 at 11% interest with a principal balance of $271,450.23 (Note 3).
It was alleged that the notes were secured by the pledge of a collateral mortgage dated April 1, 1985.
On April 8, 1992 the Clarks petitioned to enjoin the proceedings, asserting that Mr. Clark had not been served with any pleadings or notices, and that the Whitney had not established its right to executory process because there was no evidence of a pledge agreement in the record. Additionally, the Clarks stated that Notes 1 and 2 were unsecured and not subject to executory process.
A hearing on the request for injunctive relief was held the next morning, the date of the sheriff’s sale. The trial court refused to consider the merits of the petition because the two-day notice requirement of La.C.C.P. art. 3602 was not met. Appellate review of that decision was not sought; the mortgaged property was sold as scheduled.
Whitney’s subsequent petition for a deficiency judgment reiterated its claims concerning default on the three notes, adding that proceeds from the sheriffs sale resulted in a credit to the Clarks of $203,695.04. In their answer the Clarks repeated their defenses and claimed defects in the appraisal process precluded a deficiency judgment.[1]
Whitney moved for a summary judgment. After a hearing the trial court denied summary judgment on Notes 1 and 2, but granted judgment on Note 3. A motion for new trial (by Whitney) was granted to amend wording of the judgment, but denied in all other respects.
The Clarks’ appeal contends there are factual issues concerning Whitney’s entitlement to a deficiency judgment.

DISCUSSION

A creditor seeking a deficiency judgment must plead and prove that the debtor’s property was sold under executory process after appraisal in accordance with law. La.R.S. 13:4106; Citizens Savings & Loan Ass’n v. Kinchen, 622 So.2d 662, 664 (La.1993); First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 843 (La.1988), on rehearing. The creditor must prove the existence and amount of the remaining debt and the grounds of nonperformance, subject to the debtor’s right to any defense. Citizens Savings v. Kinchen, supra; First Acadiana Bank v. Bieber, 582 So.2d 1293, 1296 (La.1991). Notice of the right to appoint an appraiser in the executo-ry proceedings is essential to obtain a deficiency judgment. Citizens Savings v. Kinchen, supra.
The Clarks claim that Mr. Clark was not served with a notice of seizure or notice to appoint an appraiser. The record contains a Jefferson Parish deputy’s return showing that both notices were left with Mrs. Clark at their domicile on February 20, 1992, at the same time Mrs. Clark was personally served. *707 Based on their affidavits that the only notices were served on Mrs. Clark, the Clarks assert that the issue of service on Mr. Clark is a disputed material fact which prevents summary judgment.
Proof of service of a notice of seizure is not essential to a deficiency judgment. Citizens Savings v. Kinchen, supra at 663-664. As to the notice to appoint an appraiser, the record shows that the Clarks obtained legal representation on February 20, 1992, the same day Mrs. Clark was served, and their attorney notified the Civil Sheriff on March 9, 1992 of their choice of an appraiser “on behalf of the Clarks.” Thus, Mr. Clark had notice of the seizure and exercised his right “to protect [his] interests by participating in the appointment of appraisers and by monitoring the judicial sale proceedings,” as stated in Citizens Savings v. Kinchen, supra. It was established that Mr. Clark received the statutorily prescribed notice. See, e.g., First Fed’l Savings & Loan v. Blake, 465 So.2d 914 (La.App. 2d Cir.), writ denied, 469 So.2d 984 (La.1985).
The Clarks next argue that a material factual dispute exists concerning the validity of the appraisal process. Mr. Clark’s affidavit states:
9. Affiant has received appraisals of the property ... with a value significantly in excess of $800,000.00. Many if not all of these appraisals are in the possession of Whitney National Bank.
10. Affiant is and has been in possession of the property and to the best of his knowledge ... no inspection was made by an appraiser in late 1991 through the date of the sheriffs sale.
Whether the property’s value was higher at an earlier time does not create a factual issue as to its value at the time of the seizure and sale, nor does Mr. Clark’s statement that he had no knowledge of an appraiser’s inspection create an issue as to the validity of the appraisal. The record shows that the property sold for $216,000, which is more than two-thirds of the appraised value of $315,000 assigned by the Clarks’ appraiser. The assertions in Mr. Clark’s affidavit do not establish a material factual issue affecting Whitney’s entitlement to the deficiency judgment.
The Clarks also claim that Whitney did not prove that the mortgage secured the three notes, therefore, the initial proceedings were defective and precluded a deficiency judgment. This argument is without merit. Executory process is a method of enforcing a mortgage or privilege which contains the debtor’s prior confession of judgment. La. C.C.P. art. 2631. While the creditor must show there has been a default on a debt which was secured by a mortgage or privilege, the amount of the debt is not relevant to the creditor’s right to enforcement. The Clarks do not dispute Whitney’s right to enforce the collateral mortgage based on their default on Note 3; hence no “defect” in the executory proceedings is shown.
The Clarks contend that Whitney did not establish the balance owed after the sheriffs sale, an essential element for a deficiency. We disagree. All of the “mortgage note” checks the Clarks submitted in opposition to the summary judgment were credited on Whitney’s 1990 and 1991 payment record, resulting in a $271,450.23 balance on December 31, 1991 for Note 3. No 1992 payments were alleged. The Clarks offered no evidence that the balance of $203,695.04 from the sheriffs sale was incorrect. The trial court properly granted a $67,755.19 deficiency judgment plus interest, costs and attorney fees in accordance with the note.
The trial court’s judgment is affirmed.

AFFIRMED.

. The answer included a reconventional demand for wrongful seizure, but the trial court did not rule on that claim.