laCANNELLA, Judge.
Plaintiff, Jefferson Federal Savings Bank (JFSB), formerly Jefferson Savings and Loan Association, appeals from a judgment granting a peremptory exception of no cause of action, filed by defendant, Robert C. Voss (Voss), in a suit for a deficiency judgment. We affirm, finding that Voss was not served with notice of appraisal, as required by law.
In 1976, Bart Development Co., Inc. executed a promissory note and mortgage on a piece of real estate for the amount of $49,750, bearing interest at nine per cent (9%) per annum. The note was endorsed by several parties.[1] On October 1,1980, Robert C. Voss and his wife, Peggy Voss, purchased the property by an Act of Sale and Assumption of Mortgage. In December 1986, Morris Bart, Jr. (Bart) accepted the transfer and conveyance of the mortgaged property by Dation En Paiement for other debts owed by the Vosses to Bart.
|sOn January 22, 1993, JFSB filed a petition for executory process with appraisement, because of Bart’s default on the note payments from May 1,1992, ah in accordance with the provisions of the mortgage. The petition alleged that JFSB was owed the unpaid principal of $33,919.41, interest in the amount of $1,736.49 as of October 2, 1992, late charges of $41.40, less $121.67 overage in escrow for taxes and insurance and twenty per cent (20%) of such total as attorney’s fees. JFSB filed the petition against Bart Development Co, Inc., Peggy and Robert *990 Voss, Morris Bart, Jr. and the several original endorsers.
Following the seizure of the property and sale, JFSB recovered $17,150. JFSB then filed a petition for deficiency judgment against Bart Development Co, Inc., Morris Bart, Jr, Harold Rowley, Judith Carrillo, Peggy Voss and Robert C. Voss for the amount still due, after a credit for the sale price. Voss responded with a peremptory exception of no cause of action, based on the failure of JFSB to comply with the notice of appraisal requirements of La. R.S. 13:4363. JFSB opposed the exception asserting that, since Voss was not an owner at the time of the proceedings, notice was not required. Following a hearing, the trial judge granted the exception. In reasons for judgment, the trial judge stated that Voss was entitled to notice of appraisal, citing by analogy, Citizens Savings and Loan Association v. Kinchen, 622 So.2d 662 (La.1993). Since Voss was not given notice of appraisal, the exception of no cause of action was maintained.
On appeal, JFSB asserts that the trial judge erred in granting the exception of no cause of action. JFSB argues that appellee is like an endorser or guarantor and that the jurisprudence holds that they are not entitled to notice of appraisal in a deficiency judgment proceeding. Furthermore, it contends that the Kinchen case applies only to original mortgagors, and not the second mortgagor who no longer holds a property interest in the mortgaged property.
Voss argues that he is not an endorser or guarantor, distinguishing these entities from a mortgagor. He also contends that the Kinchen case is not directly Lon point and furthermore should not be restricted to original mortgagors.
La.C.C.P. art. 2723 requires seized property to be appraised in accordance with law prior to the sale by executory process. Under La.R.S. 13:4363, the Sheriff must serve written notice on the debtor (and the creditor), within a prescribed time and in a certain manner, instructing the debtor to appoint an appraiser. If the debtor or creditor fails to appoint an appraiser, the Sheriff is mandated to appoint one. La.R.S. 13:4364.
In the Kinchen case, there were three consecutive owners/mortgagors for the property at issue. Upon default by the third and last owner, the creditor filed executory process seeking to foreclose on the mortgage. The creditor had the third mortgagor served with the notice of appointment of appraiser under La.R.S. 13:4363, but not the first or second owner/mortgagor. In Kinchen, the issue was whether the creditor could obtain a deficiency judgement against the original mortgagor when the creditor failed to serve notice to appoint appraiser under La.R.S. 13:4363, despite the fact that the original mortgagor had actual notice of the executory proceedings. There, the Louisiana Supreme Court held that the original mortgagor was entitled to notice of appraisal, despite the fact that the property was not in the hands of the original mortgagor and despite the fact that the original mortgagor had actual notice of the executory process. The court concluded that service on the debtor of written notice to appoint appraisers is “an essential element of an appraisement in accordance with law, ...” Kinchen at 664. In reaching this conclusion, the court stated:
“... as we observed in First Guaranty Bank, supra, the Deficiency Judgment Act protects debtors against an unjust sacrifice of their property by requiring that when property is not lawfully appraised before its sale, or when a creditor takes advantage of a waiver of appraisement by a debtor, and the proceeds are insufficient to satisfy the debt, the debt is discharged and the creditor shall not have an unqualified right to proceed against the debtor or any of his other property for such deficiency. First Guaranty [Bank v. Baton Rouge Petroleum Center, Inc.], 529 So.2d [834] at 844 [La.1987]; La.R.S. 13:4106-4107. See McMahon, The Historical Development of Executory Procedure in Louisiana, 32 Tul. L.Rev. 555, 557 (1958). Consequently, the statutory requirement that the debtor be served |swith written notice of his right to appoint an appraiser to value the property prior to its sale affords him fairness and due process by assuring him notice and an adequate opportunity to see that the protections of the Deficiency Judgment Act are fully asserted in his behalf.”
First, we note that there is a distinct difference between a mortgagor and an endors *991 er or guarantor. The latter may or may not obtain an interest in the property, but merely lends personal worth to another to facilitate the making of a loan and is not and does not intend to be primarily liable. The endorser/guarantor has certain rights against the original mortgagor if the mortgagor is unable to fulfill the obligation. Here, Voss retained the obligation on the mortgage even though he transferred the property to another party in payment of a separate debt. Unlike an endorser/guarantor, Voss had an ownership interest at one time, intended to be a primary debtor and does not have the rights of an endorser/guarantor against the first mortgagor in the event it can not pay. Thus, the cases cited by JFSB, holding that the endorser/guarantor is not entitled to notice, are inapplicable.
Second, Voss is the second of three owner/mortgagor. There is no substantial difference between this ease and the Kinchen case. Thus, we find that the holding and rationale of Kinchen is applicable, and as a mortgagor, Voss is entitled to notice of appointment of appraiser. Since the notice of appointment of appraiser is mandatory for the creditor to obtain a deficiency judgment and since JFSB failed to notify Voss, we find that the trial judge did not err in granting the peremptory exception of no cause of action.
Accordingly, the judgment of the trial judge is hereby affirmed. Costs of appeal are to be paid by JFSB.

AFFIRMED.

. The endorsers were Morris Bart, Jr., David L. Verrett, Maurice S. Kansas, Edward M. Haspel, Harold Lee Rowley and Mrs. Judith Roth Carrillo.