|,DECUIR, Judge.
The plaintiff in this deficiency judgment action, Dennis Joslin Company, L.L.C., appeals summary judgment granted in favor of defendants, Gwendolyn Magee, Peter M. Staples, Wilton A. Guillory, Jr., and G *1240 S & R Properties. For the following reasons, we affirm.
The original plaintiff in this action, Gulf Coast Bank and Trust Company, was the owner of a promissory note in the amount of $400,000.00 executed on March 19, 1984, between G S & R Properties, a Louisiana partnership, and Pelican Homestead and Savings Association. The original partners who formed G S & R Properties were Staples, Guillory, and Gloria Renwick. In 1990, Staples and Guillory withdrew from the partnership, and Magee was added as a partner. Renwick filed for bankruptcy in 1992. Dennis Joslin Company subsequently became the holder of the delinquent note and was substituted as plaintiff in this action.
The plaintiff initially filed executory proceedings against G S & R Properties and requested service on its partner, Gwendolyn Magee, at an Alexandria address. The record reveals that a sheriffs deputy attempted service at the Alexandria address, which was Renwick’s place of business, and left the papers with a secretary at that office. The partnership did not exercise its right to have an appraiser appointed.
After the mortgaged property was sold by executory process, the plaintiff sought a deficiency judgment against the partnership and three individual partners. The trial court granted the defendants’ motion for summary judgment after finding improper service of the executory process pleadings and fatal irregularities in the property description and the appraisal process. He denied the plaintiffs cross motion for summary judgment, and the plaintiffs claims against these defendants were dismissed. The plaintiffs remaining claims are against the sheriff and are not a subject of this appeal.
I ¡¿Louisiana law provides that in order to obtain a deficiency judgment, a creditor must plead and prove the existence of both the obligation giving rise to the debt and the grounds for non-performance entitling him to maintain his judicial action. La. Civ. Code arts. 1881 and 1994. The creditor must then establish that the mortgaged property was sold via executory proceedings after appraisal in accordance with the provisions of La.Code Civ.P. art. 2723. Finally, the creditor must also prove that the proceeds of the sale of the property were insufficient to satisfy the debt due. La.Code Civ.P. art. 2771; Citizens Sav. & Loan Ass’n v. Kinchen, 92-0318 (La.8/2/93), 622 So.2d 662.
Concerning the essential service of process and appraisal prerequisites to obtaining a deficiency judgment, the Kinchen court explained the well established principles of law as follows:
The provisions of article 2723 pertaining to appraisal require that prior to the sale, the property seized must be appraised in accordance with law. La.Code Civ.Proc. art. 2723. One of the legal requirements of a valid appraisal is that the sheriff must serve written notice on the debtor within a prescribed time and in a certain manner directing him to name an appraiser to value the property. La.R.S. 13:4363. Because the aim of the Deficiency Judgment Act is to protect against unjust sacrifice of debtors’ property by requiring appraisal as a condition precedent to a deficiency judgment, First Guaranty, 529 So.2d at 844; McMahon, The Historical Development of Executory Process in Louisiana, 32 TuLL.Rev. 555, 567 (1958), we conclude that the express statutory requirement that written notice be served upon debtors to name appraisers was intended to further the legislative aim by alerting debtors to the opportunity to protect their interests by participating in the *1241 appointment of appraisers and by monitoring the judicial sale proceedings. See Security Homestead Ass’n v. Fuselier, 591 So.2d 335 (La.1991). Hence, the service of written notice to appoint appraisers upon the debtor is an essential element of an appraisement in accordance with law, and the creditor may not obtain a judgment against the debtor for any deficiency due unless he proves that this legal prerequisite has been complied with. Security Homestead Ass’n v. Fuselier, 591 So.2d 335 (La.1991); Federal Savings and Loan Insurance Co. v. Tri-Parish Ventures, Ltd., 881 F.2d 181, 184 (5th Cir.1989).
| %... [Consequently, the statutory requirement that the debtor be served with written notice of his right to appoint an appraiser to value the property prior to its sale affords him fairness and due process by assuring him notice and an adequate opportunity to see that the protections of the Deficiency Judgment Act are fully asserted in his behalf.
622 So.2d at 664-665.
Our review of the record reveals that Gwendolyn Magee was not served with written notice of the partnership’s right to appoint an appraiser to value the property prior to sale. Although the evidence does suggest that partnership business was conducted at Gloria Renwick’s place of business, we find that simply handing the executory process pleadings to Renwick’s clerical employee was not tantamount to proper service on a partnership in accordance with the strict legal requirements of the Deficiency Judgment Act which insure fairness and due process. Accordingly, we affirm the trial court’s conclusion that service on G S & R Properties was insufficient.
We likewise agree with the trial court’s finding of fatal irregularities in the property description and appraisal process. Specifically, the property description contained in the executory process pleadings, included in the appraisals, and used in the advertisements run prior to the sheriffs sale contains the erroneous omission of approximately twenty words which describe the boundaries of the property at issue. Additionally, the appraisals submitted for purposes of the sheriffs sale contain valuations of most of the buildings located on the propex-ty, but no lump sum representing the appraiser’s valuation of the land with all of the improvements thereon. The defendants suggest that an employee of the sheriffs office simply filled in some missing figures, then averaged the values assigned by both appraisers to each of the eighteen buildings located on the property and submitted the total as the appraised value of the property to be sold.
|4It is clear that the entire execu-tory proceeding, and specifically the appraisal process, was riddled with careless omissions, errors, and irregularities. The trial court noted the defects and correctly stated, “The purpose of the rules on deficiency judgments is to insure the debtors have an opportunity to protect the value of the property at the judicial sale. Accurate descriptions and intelligible appraisals are essential to avoid unwarranted deficiency amounts.” Because the law requires strict compliance with the rules pertaining to appraisal, the defects complained of herein preclude the granting of a deficiency judgment. See Ray v. Varwig, 93-533 (La.App. 3 Cir. 8/3/94), 641 So.2d 711, writ denied, 94-2268 (La.1/13/95), 648 So.2d 1336.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs cost.
AFFIRMED.