WINDHORST, J.
*852 Appellants, Eric Kenner and Amos Louis Kenner, appeal the district court's judgment denying their "Petition for Temporary Restraining Order and Request for Permanent Restraining Order" [sic ] to restrain St. John the Baptist Parish Sheriff's Department from transferring title to certain property and dismissing their petition with prejudice. For the following reasons, we affirm the district court's judgment.
FACTS AND PROCEDURAL HISTORY
This matter involves collection on a reverse mortgage entered into by Vivian Lands Kenner, who died on May 24, 2015. According to Ms. Kenner's will, all her property is bequeathed to appellant, Eric Kenner, one of her grandchildren. On July 20, 2015, Eric Kenner was appointed as the Independent Testamentary Executor of the Succession of Vivian Lands Kenner. Appellant, Amos Louis Kenner, is one Ms. Kenner's children and is contesting her will but was not named an heir to any of her property. Significantly, there is no signed judgment of possession in the Succession of Vivian Lands Kenner recognizing the successors to her property. The property at issue in this matter is located at 1601 Grant Street, LaPlace, Louisiana, in St. John the Baptist Parish (also referred to as "the Grant Street property").
On April 7, 2009, Ms. Kenner entered into a Home Equity Conversion Mortgage ("HECM"), more commonly referred to as a "Reverse Mortgage,"[1] which encumbered property located at 1601 Grant Street, LaPlace, Louisiana 70068 with James B. Nutter & Company ("JBNC"). The HECM provided that should the borrower die, JBNC had the right to demand immediate full repayment of the loan.
After Ms. Kenner passed, by letter dated August 14, 2015, JBNC demanded immediate full repayment of the loan pursuant to the HECM provisions. Because payment was not made, on October 6, 2015, JBNC filed a petition for executory process, seeking a writ of seizure and sale directing the Sheriff of St. John the Baptist Parish to seize, after due advertisements, delays, requisites and formalities (except for those expressly waived) and to sell for cash and without benefit of appraisement, the property located at 1601 Grant Street, LaPlace, Louisiana. According to the petition for executory process, the amount due totaled $ 92,565.19. On October 7, 2015, the district court ordered that a writ of seizure and sale issue, directing the Sheriff of St. John the Baptist Parish to seize and sell the Grant Street property to enforce JBNC's claim.
After a due and diligent search, the Sheriff was unable to serve Eric Kenner in his capacity as executor of the Succession of Vivian Lands Kenner with the writ of seizure and sale. According to the motion to appoint curator and an affidavit attached thereto by a foreclosure processor for Jackson & McPherson, L.L.C., the Sheriff reported that he was unable to serve Eric Kenner because "defendant refused to take the paperwork." The affidavit also states that Jackson & McPherson, L.L.C. "attempted to verify a new address for defendant by running a full and complete *853 internet search" but found that the only known address for Eric Kenner was the Grant Street property address. Consequently, on or about October 22, 2015, a Notice of Seizure was posted at the Grant Street property notifying Eric Kenner of the seizure of the Grant Street property and the scheduled sale on December 9, 2015. This scheduled sale did not take place.
On November 5, 2015, the court appointed a curator ad hoc who attempted to locate Eric Kenner and serve him with the petition for executory process, but was unable. On December 4, 2015, the district court issued an order that (1) deemed the curator good and sufficient; (2) deemed his duties and efforts sufficient and relieved him of his duties as curator ad hoc ; and (3) ordered payment to him for acting as curator ad hoc .
On June, 16, 2016, another notice of seizure was posted on the Grant Street property notifying Eric Kenner of the sale of that property for August 3, 2016. On August 4, 2016, a notice to creditors and other interested parties of judicial seizure of property was issued informing creditors, including River Parish Financial Services, L.L.C., in Lutcher and Section of Housing & Urban Development in Washington, D.C., that the property located at 1601 Grant Street would be seized and sold on August 17, 2016.
On August 2, 2016, Eric Kenner contacted counsel for JBNC to inquire about the foreclosure proceedings. At the time, he notified counsel that he was living in the house. A sale of the property was originally scheduled for August 17, 2016, but on August 16, 2016, Eric Kenner filed for Chapter 13 bankruptcy and the sale was cancelled. Eric Kenner's bankruptcy was subsequently dismissed as fraudulent and the sale was therefore rescheduled for May 17, 2017. On May 17, 2018, JBNC purchased the Grant Street property at a sheriff's sale for $ 45,000.
On May 15, 2017, Amos Louis Kenner filed pro se for Chapter 13 bankruptcy. Appellants assert that this bankruptcy proceeding operated as an automatic stay under 11 U.S.C.A. Sec. 362a to the judicial sale of Ms. Kenner's property. There is nothing in the record to reflect that this automatic stay existed or to show that JBNC received notice of Amos Louis Kenner's bankruptcy.
On May 25, 2017, Eric Kenner and Amos Louis Kenner filed a petition for temporary restraining order and request for permanent restraining order in the Fortieth Judicial District, St. John the Baptist Parish, against JBNC. The petition requested a temporary restraining order be issued to the Sheriff's Office to prohibit transfer of the title and/or funds from the sheriff's sale because of the automatic bankruptcy stay that was in effect at the time of the May 17, 2017 sheriff's sale due to Amos Louis Kenner's bankruptcy filing.
After a hearing on June 29, 2017, the district court denied the petition for temporary restraining order and request for permanent restraining order and dismissed it with prejudice. The district court found that the Sheriff did nothing improper by proceeding with the sale, as it was under no prohibition by any court order or bankruptcy stay which would prevent this sale. This appeal followed.
ASSIGNMENTS OF ERROR
Appellants assert that the trial court erred (1) in not recognizing the U.S. District Court's Bankruptcy Stay that was automatically in place in the bankruptcy filed by Amos Louis Kenner; and (2) in allowing the proceedings to go forward without having service perfected upon appellants Eric Kenner and/or Amos Louis Kenner.
*854 LAW AND ANALYSIS
Appellants assert that the bankruptcy proceedings filed by Amos Louis Kenner operated as an automatic stay to the sale of the property under 11 U.S.C.A. Sec. 362a. This statute provides that a "petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of:
* * *
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
Based on this, appellants assert that the district court should not have allowed the sheriff's sale and transfer of the Grant Street property to proceed.
In Joshua Inv. Corp. v. Home Sales Counseling, Inc., 39,251 (La. App. 2 Cir. 1/19/05), 892 So.2d 151, 159, writ denied, 05-0442 (La. 4/29/05), 901 So.2d 1066, and writ denied, 05-0795 (La. 5/20/05), 902 So.2d 1051, an action to rescind tax sale deeds, the appellate court found that because during the course of the bankruptcy, the appellant had given up any ownership interest it had in the property when the automatic stay was lifted, appellant failed to present any evidence why these otherwise valid sales should be annulled. In addition, the U.S. District Court for the Eastern District of Louisiana has recognized that an automatic bankruptcy stay does not apply to property over which the debtor has no ownership interest. See In re Pitre, No. 95-2263, 1996 WL 8100 (E.D. La. Jan. 9, 1996).
Appellants assert that because Amos Louis Kenner filed bankruptcy the day before the sale of the Grant Street property, this should have stayed the sheriff's sale of that property. Amos Louis Kenner, however, has no ownership interest in the Grant Street property because there is no judgment of possession in Ms. Kenner's succession, nor is he an apparent legatee or heir to any of her property. Thus, any bankruptcy stay in his name does not affect the Grant Street property and cannot operate to prevent a sheriff's sale of succession property to enforce a succession debt.
In addition, there is nothing in the record to indicate that JBNC had any notice or knowledge of the bankruptcy proceeding filed by Amos Louis Kenner. Because Amos Louis Kenner is not the borrower on the mortgage at issue, nor has he any ownership interest in the mortgaged property (the Grant Street property), there would be no reason to notify JBNC of his bankruptcy.
For the foregoing reasons, we find that the bankruptcy proceedings filed by Amos Louis Kenner did not operate to stay any sale or transfer by St. John the Baptist Sheriff's Office of the Grant Street property. This assignment of error lacks merit.
Appellants further assert that the sale of the Grant Street property should not have proceeded because they were never properly served with any citation regarding the judicial sale of the Grant Street property. As Amos Louis Kenner has no ownership interest in the property and is not named as a legatee in Ms. Kenner's will, there is no basis for him to have received notice of the sale.
*855 Regarding Eric Kenner, the record shows that the Sheriff's Office attempted to serve him with the notice of seizure and sale at the Grant Street property, but that he refused service. A notice of seizure was therefore posted at the Grant Street property. In addition, appellee moved for, and the district court appointed, a curator ad hoc who attempted to locate and serve Eric Kenner, but was unable to do so. La. C.C.P. art. 5091. A curator is an officer of the court appointed to ensure the defendant's due process rights are protected. See La. C.C.P. arts. 5094 and 5095 ; Sec. Homestead Ass'n v. Fuselier, 591 So.2d 335, 341 (La. 1991), holding modified by Citizens Sav. & Loan Ass'n v. Kinchen, 622 So.2d 662 (La. 1993). The attorney appointed to represent the absentee is charged with using reasonable diligence to communicate with the defendant and to inform him of the pending and nature of the proceeding. La. C.C.P. art. 5094. After the curator ad hoc made efforts to locate and serve Eric Kenner, the district court issued an order deeming the curator and his efforts good and sufficient and relieving him of his duties. Given these circumstances, we find no error in the district court's determination that the Sheriff did nothing improper in proceeding with the sale of the Grant Street property. Thus, this assignment of error lacks merit.
DECREE
For the reasons discussed above, we affirm the district court's judgment denying appellants' petition for temporary restraining order and request for permanent restraining order and dismissing the petition with prejudice.
AFFIRMED

A reverse mortgage loan allows borrowers typically aged 62 plus to tap into their home equity to fund some of their retirement needs.